MARY SUMNER *vs.* ROBERT F. BARNARD, Administratoi.

A conveyed land to B., with covenants of seizin and warranty, and B., at the same time, mortgaged the same land to A., by a deed containing the same covenants : A. was not seized of all the land when he conveyed to B., and B. was evicted from a part thereof, and brought an action against A. on his covenant of seizin. *Held*, that the action was maintainable ; B.'s covenants not operating as a rebutter to his demand against A., to prevent circuity of action.

THIS was an action of covenant broken, to recover damages for breach of the covenant of seizin contained in a deed made to the plaintiff by Stephen Stevens, the defendant's intestate, on the 8th of March 1841.

The defendant pleaded the general issue, and filed a specification of defence, in which he alleged that at the time of the conveyance in the plaintiff's declaration mentioned, the plaintiff executed a deed of mortgage in fee, to the said intestate, of all the lands described in his said deed to her, to secure the entire consideration for said conveyance to her, no part of which consideration had ever been paid by the plaintiff ; and that said mortgage deed contained all and each of the covenants which are contained in said intestate's deed to the plaintiff.

At the trial in the court of common pleas, before *Merrick,* J. the plaintiff gave evidence of the execution and delivery of the deed declared on, containing the usual covenants ; and also evidence tending to show that her said grantor, when said deed was executed, was not seized of the whole of the land therein described and conveyed, and that she had been evicted from a part thereof.

The defendant then produced the mortgage deed mentioned in his specification of defence, and the notes, in said deed described, which said mortgage was given to secure ; and it was admitted by the plaintiff that those notes were wholly unpaid.

It also appeared that the defendant had commenced an action against the plaintiff, to recover possession of the lands conveyed by said mortgage deed, and also an action against her upon said notes ; both of which actions were pending in said court of common pleas.

The defendant objected, that by reason of the covenants contained in the plaintiff's said mortgage deed, she could not maintain the present action against him. But the judge over-ruled the objection, and instructed the jury that, upon proof of the breach of the covenant of seizin contained in said intestate's deed to the plaintiff, she was entitled to recover of the defendant the consideration for that part of the land described in that deed, of which said intestate, at the time of the making and delivery thereof, was not seized. A verdict was returned for the plaintiff, and the defendant alleged exceptions to the rulings and instructions of the judge.

*Bishop,* for the defendant. The covenants in the mortgage deed estop the plaintiff to sue on the covenants in the absolute deed, or operate as a rebutter, by way of preventing circuity of action. See *Stevens* v. *Winship,* 1 Pick. 328. *Crouch* v. *Eveleth,* 15 Mass. 307, 309. *Poignard* v. *Smith,* 8 Pick. 272. Also the cases cited in 9 Met. 464, where this question was raised, but not decided. Suppose the condition of the mortgage had been, that the mortgagor should pay in ten years. If she can maintain the present action, she might

then recover immediately, in an action for covenant broken, if she were immediately evicted from the mortgaged premises.

*Sumner & Byington*, for the plaintiff. There is no equality of condition between the parties, if such a defence is allowed. A mortgagee's notes, given for land, may be transferred to a third person. Besides; the courts of Connecticut and New Hampshire have expressly decided this point in the plaintiff's favor. *Hubbard* v. *Norton*, 10 Connect. 422. *Haynes* v. *Stevens*, 11 N. Hamp. 28. 2 Hilliard's Ab. (2d ed.) 395, 396.

DEWEY, J. The plaintiff has established the allegations in her declaration, requisite to sustain the action of covenant broken. The only objection to a judgment in her favor is that which arises from the fact, shown by the defendant, that he holds similar covenants made by the plaintiff, and attached to a conveyance to the defendant's intestate, by the plaintiff, in a mortgage of the same premises which are the subject of the defendant's covenant.

It is then said that the defendant having a precisely similar demand against the plaintiff, which he will be entitled to recover, it should operate as a rebutter to the demand of the plaintiff, to avoid circuity of action. The principle of rebutter is one well known in law, and is to be applied in all proper cases. The present does not seem to us to be one to which it is applicable. It might do injustice to the plaintiff, if her covenants could thus be set off and bar a recovery. The defendant holds the plaintiff's notes of hand secured by her mortgage. Various cases might be readily supposed, where such a defence ought not to prevail ; as in cases of large payments advanced towards the purchase money, and a mortgage to secure only a small residue, and that, by the terms of the contract, to be paid at some remote future day. There is no necessity for permitting this defence, with a view of protecting the rights of the defendant in reference to his counter demands. The entry of judgment may be postponed, if the case requires it, to await a set-off, after the defendant shall have perfected a judgment on his claims

This seems to us a more proper mode than to allow the claims of the defendant, as covenantee under the mortgage deed, to defeat the present action.

*Exceptions overruled.*